IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03149-LTB

LAWRENCE HARRIS,

      Plaintiff,

v.

U.S. DISTRICT COURT,

      Defendant.

---

ORDER DENYING MOTION TO RECONSIDER

---

The matter before the Court is the pleading, ECF No. 10, that Plaintiff Lawrence Harris filed on January 21, 2015. Plaintiff titles the pleading, "Reconcidreation" and appears to request that the Court reopen this action and consider the Amended Complaint, ECF No. 9, that he has filed along with the request to reopen the action. The Court must construe the request liberally because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court will deny reconsideration of the dismissal order for the following reasons.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court

will consider Plaintiff's request as a Motion to Reconsider filed pursuant to Rule 59(e) because it was filed within twenty-eight days after the dismissal was entered in this action on January 12, 2015.  *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the ten-day limit (limit effective prior to December 1, 2009) set forth under Rule 59(e)).

The three major grounds that justify reconsideration are:  (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

In the Motion to Reconsider, Plaintiff contends he inadvertently filed the Amended Complaint in a separate case, No. 14-cv-03153-LTB, which resulted in his failure to timely cure the deficiencies in this case.

On November 21, 2014, in this case, Magistrate Judge Gordon P. Gallagher directed Plaintiff  to cure certain deficiencies.  Specifically, Plaintiff was told to submit a request to proceed *in forma pauperis* or in the alternative to pay the $400 filing fee. Plaintiff also was told to file an Amended Complaint that complies with Fed. R. Civ. P. 8 and is submitted on a Court-approved form used in filing civil complaints.  Rather than comply with the November 21 Order, Plaintiff filed an Amended Complaint that is not on a Court-approved form, ECF No. 4, a Motion to Dismiss, ECF No. 5, and a Letter, ECF No. 6.  Plaintiff did not submit a request to proceed *in forma pauperis* or in the alternative pay the $400 filing fee.  Therefore, on January 12, 2015, when the thirty days ran for Plaintiff to comply with the November 21 Order, the Court dismissed the action.

Because Plaintiff still has not submitted a request to proceed *in forma pauperis* and the Amended Complaint he tendered on January 20, 2015, fails to comply with Rule 8 and is not on a Court-approved form, he has not complied with the November 21, 2014 Order. Plaintiff, therefore, fails to demonstrate reinstatement of this action is deserving, and the Court finds denial of the Motion to Reconsider is appropriate. Accordingly, it is

ORDERED that Plaintiff's request for reconsideration, ECF No. 10, is construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 59(e) and is denied.

DATED at Denver, Colorado, this __23rd__ day of ___January___, 2015.

BY THE COURT:

__s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court